

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00338-CV

IN THE MATTER OF L.W.

----------

FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY
TRIAL COURT NO. 38856-LR

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

I respectfully dissent to the majority's conclusion that because a portion of L.W.'s waiver is erroneous, the entire waiver must be regarded as ineffective. The waivers signed by both L.W. and her attorney made two independent demands: (1) they waived L.W.'s right to jury trial and (2) they requested that the trial court determine whether she met the commitment criteria under the code of criminal procedure. All parties agree that L.W. and her attorney requested that

---

[1]*See* Tex. R. App. P. 47.4.

the trial court apply the wrong standard in L.W.'s hearing. That, however, has no bearing on the separate clause waiving a jury trial. *Cf. In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 134–35 (Tex. 2004) (orig. proceeding) (upholding jury waiver in contract even when rest of contract is alleged to have been fraudulently induced).

L.W. makes no argument that she or her attorney did not knowingly, intelligently, or voluntarily sign the waivers. They were notarized and filed with the trial court. If L.W. had changed her mind, she was allowed to withdraw the waiver. *See* Tex. Health & Safety Code Ann. § 574.032(d) (West 2010) ("The court may permit an oral or written waiver of the right to a jury to be withdrawn for good cause shown. The withdrawal must be made not later than the eighth day before the date on which the hearing is scheduled."). There is no evidence that she did so. And despite L.W.'s announcement when the case was called that she "did not waive [her] right," her attorney announced that they were ready for trial to the bench.

I would therefore hold that L.W.'s jury trial waiver was effective and that therefore she did not properly withdraw it. I would overrule L.W.'s first issue and affirm the trial court's judgment.

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

DELIVERED: January 9, 2015

2